UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CORBIN CONROY,<br><br>　　　　　Defendant. | 5:19-CR-50048-KES<br><br>**ORDER<br>DENYING MOTION<br>TO REDUCE SENTENCE** |

　　　Defendant, Corbin Conroy, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 110. Plaintiff, the United States of America, opposes Conroy's motion. Docket 113. For the following reasons, Conroy's motion for a sentence reduction is denied.

## DISCUSSION

　　　The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

　　　"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to

whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827.

On November 22, 2019, Conroy pleaded guilty to interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2, and conspiracy to violate 18 U.S.C. § 924(c) in violation of 18 U.S.C. § 924(o). *See* Docket 1 at 1–2; Docket 88. At the time of Conroy's sentencing, his guideline range, based on a total offense level of 22 and a Criminal History Category of III, was 51–63 months in custody. Docket 97 ¶ 53. He had a total of 5 criminal history points, which included 2 "status points" for committing his offense while under a

criminal justice sentence. *Id.* ¶ 30–32. On January 23, 2020, the court varied upward from the guidelines and sentenced Conroy to a term of 84 months imprisonment on each count of conviction, to be served concurrently. Docket 101 at 2. On the government's motion, and after applying the sentencing factors found at 18 U.S.C. § 3553(a), the court upward varied because of Conroy's role in the offense, the impact of the offense on victims, and the existence of dismissed or uncharged conduct. *See* Docket 96; Docket 101-1 at 2–3.

On April 26, 2024, Conroy filed a motion requesting a reduced sentence pursuant to Part A to Amendment 821 to the Sentencing Guidelines. *See* Docket 110. Conroy argues that under the amended guidelines, he no longer receives two status points for committing his offense while under a criminal justice sentence, and that this change impacts his guideline range. *See id.* at 4–5.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> One point is added if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status

points." The Commission decreed that this change applies retroactively and directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Because Conroy had 6 or fewer criminal history points, under the amended U.S.S.G. § 4A1.1(e) he is eligible for 2 less criminal history points. With that reduction, Conroy receives 0 "status points," which gives him a total of 3 criminal history points. That decrease places him in Criminal History Category II which, when coupled with his total offense level of 22, reduces his advisory guideline range to 46–57 months in custody. *See* U.S.S.G., Ch. 5, Pt. A.

But after considering the policy statement at U.S.S.G. § 1B1.10 and the sentencing factors set forth at 18 U.S.C. § 3553(a), the court finds that a sentence reduction is not warranted. Conroy's BOP disciplinary record shows that he committed a great number of infractions between his sentencing and the time of his motion. His BOP record shows he was sanctioned for destruction of property over $100, refusal to obey an order, moving cells without permission, and nine incidents of refusing work assignments. *See* Docket 112 at 1–4.  Of particular concern to the court is a sanction Conroy received for assault without serious injury that occurred in January of 2023. *See id.* at 2.

In addition to Conroy's post-sentencing conduct, the nature and circumstances of the offense weigh against a sentence reduction. Conroy brandished a firearm and threatened a casino employee at Joker's Casino in

4

Rapid City. Docket 97 ¶ 5. Moreover, Conroy committed the offense on March 17, 2019, barely over a month after he began supervised release after receiving a prison sentence on a combined term of 150 months for previous convictions stemming from a similar casino robbery. *See id.* ¶¶ 5, 28. Thus, the nature and circumstance of the offense raise serious doubts as to whether a sentence less than 84 months would sufficiently protect the public from further crimes by Conroy.

When considering the § 3553(a) factors, the court must also consider the need for the sentence imposed to "promote respect for the law," that the sentence must "reflect the seriousness of the offense," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct," as well as to protect the public from further crimes. *See* § 3553(a)(2)–(4). Consideration of these factors confirms that a sentence reduction is not warranted under the circumstances of Conroy's case. The sentence initially imposed reflects the seriousness of his offense and protects the public from further criminal conduct, which is of particular concern due to Conroy's continued behavioral violations in custody and history of recidivism. Based on the considerations outlined above, Conroy's request for a sentence reduction is denied.

## CONCLUSION

It is ORDERED that Conroy's motion (Docket 110) is DENIED.

Dated May 30, 2024.

                BY THE COURT:

                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE